## GABRIEL GUNDERSON

*v.*

## SIGWALD PETERSON.

NEGLIGENCE—*whether injury resulted from negligence or accident.* The plaintiff, while in defendant's service as mate of a schooner, received a personal injury from the breaking of a mast, whereby he fell therefrom upon the deck. In a suit to recover damages, the only negligence charged to the defendant was that the mast, before the accident, was twisted to a certain distance, and, therefore, unsafe, while the proof showed that the defects complained of were at least 12 feet from the place where the mast broke, and that there was not the slightest appearance of rottenness or decay at the place of the breaking, and that the accident was caused by a strong wind aloft, while there was only very little on deck: *Held,* that the plaintiff was not entitled to recover, and that the injury must be regarded as one incident to the service.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action on the case, by the appellee against the appellant, to recover for a personal injury received by the breaking of a mast owned by the appellant. The declaration, among other things, alleged, in substance, that in April, 1871, the defendant was the owner of the schooner Monitauk, engaged in sailing upon Lake Michigan, and that plaintiff was engaged as second mate upon her; that while so employed, and in the course of his duty, he ascended the mainmast, upon said schooner; that at the time he so ascended said mast, the same was, and for a long time had been, split, twisted, defective, unsafe and unfit for use; that, by reason of its being so defective and unsafe, said mainmast broke, and, in consequence thereof, the plaintiff, although using all care, etc., fell from said mast down to and upon the deck of said schooner, and was greatly injured, etc.

A trial was had, resulting in a verdict and judgment in favor of the plaintiff for $450.

13—65TH ILL.

Messrs. MILLER, FROST & LEWIS, and Messrs. STORY & KING, for the appellant.

Messrs. E. & A. VAN BUREN, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The injuries, for which this judgment was rendered, are alleged to have been caused by the breaking of a defective mainmast in a vessel owned by appellant.

The proof shows that the mast was twisted to a certain distance; but did this contribute to the injury? Conceding all the facts assumed, it is inconceivable that the accident resulted from the twist. If this weakened the mast, and was the cause of the breaking, then the fracture would naturally be where the defect was.

The evidence, however, is conclusive and uncontradicted, that the deficiencies complained of were at least 12 feet from the place where the mast broke. At the point where the breaking occurred, the wood was perfectly sound, without the slightest appearance of rottenness or decay. The assumed defect, therefore, in one part of the mainmast, could not have made it break at a place where it was wholly uninjured.

At the time of the accident the wind was strong aloft, and there was very little on deck; and the injury must be regarded as one incident to the service.

The verdict is manifestly against the evidence.

The judgment is reversed and the cause remanded.

*Judgment reversed.*